OTC

**NKOZI KUURIRAYA vs. ALLY FINANCIAL INC.**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**CIVIL CASE NO.: --____**

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JUN 2 6 2025

BY:_____ DANIEL J. McCOY, CLERK

5:25-cv-0917

**NKOZI KUURIRAYA,**

Plaintiff,

v.

**ALLY FINANCIAL INC.,**
500 Woodward Avenue
Detroit, MI 48226
Defendant.

---

## CIVIL SUMMONS

**TO:** Ally Financial Inc.
500 Woodward Avenue
Detroit, MI 48226

YOU ARE HEREBY SUMMONED and required to serve on:

**Nkozi Kuuriraya**
General Delivery
Shreveport, LA 71102
Phone: (832) 893-9413
Email: KoziKuuriraya@gmail.com

an **answer to the complaint** within **21 days** after service. Failure to do so will result in a **default judgment.**

You must also file your answer with the Clerk of the Court promptly.

---

## NOTICE OF ASSERTED RIGHTS AND ACTION

The Plaintiff:

- **Waives the Seventh Amendment jury trial right** and elects **trial by judge.**

- Asserts civil rights protected by the **First, Fifth,** and **Fourteenth Amendments,** including religious liberty, privacy, and equal protection.

- Requests adjudication under the **Speedy Trial Act principle** within **30 days.**

- Alleges:

  - **Corporate fraud**

  - **Religious discrimination**

  - **Privacy violations**

  - **Redlining and denial of services based on faith**

🔔 A **criminal investigation notice** regarding these matters has been filed with the **Louisiana Attorney General – Shreveport Division.**

---

**Clerk of Court**
United States District Court
Western District of Louisiana
Shreveport Division

Date: _____

**By:** _____
Deputy Clerk

# Opportunity to Cure

**Compensation:** Gift of a 2022 Corvette/Chevrolet Corvette 2 Door Stingray Coupe 2/LT and $50,000 as damages for violation of my civil rights.

---

**AFFIDAVIT OF NKOZI KUURIRAYA**

1. On Saturday, June 21, 2025, and again on Monday, June 23, 2025, I visited Chevyland, an automotive dealership, with the intention of purchasing a vehicle. On both occasions, I clearly communicated my religious beliefs and my desire to protect my right to privacy throughout the application process.

2. On Saturday, I was initially seated at a standard sales desk like other customers. Shortly thereafter, I was asked to relocate to a round table near the exit—a location where I was also placed on Monday without explanation. This repeated reassignment made me feel singled out, alienated, and treated unequally compared to other customers. Such treatment reflects a practice known as redlining, which is the discriminatory refusal, limitation, or unfair treatment of customers based on their identity or characteristics such as religion, race, or economic status. Redlining often results in unequal access to services or opportunities and is prohibited under federal and state anti-discrimination laws.

3. I prepared a thorough set of documents demonstrating my financial qualifications, including bank statements, employment affidavits, company deposits, and credit history. I explained that, due to my religious convictions and concerns about privacy and identity theft, I was unwilling to unfreeze my credit.

4. Despite my cooperation, I encountered resistance and dismissiveness. At one point, Gage Horn, a manager at Chevyland, referred to my documentation dismissively as "some Bible verses." This comment was deeply disrespectful to my faith and suggested that my religious beliefs were not being taken seriously.

5. This experience led me to reasonably believe that my documents were not submitted to the appropriate financial institutions or decision-makers. I was advised by Mr. Horn to return on Monday to complete the transaction, but the manner in which this was handled felt unprofessional, dismissive, and discriminatory.

6.  I was told that my documents had been scanned and uploaded; however, I never received any proof that these documents were actually included in the bank's decision-making process or considered for the manager's approval.

7.  I proposed that my documents be sent directly to underwriting via email or secure upload as a reasonable alternative. I was told there was contact with a manager at Barksdale Federal Credit Union, though no proof of such communication was provided. Only Ally Financial and Santander were explicitly identified as involved institutions.

8.  On Monday, June 23, 2025, I went to the front of the dealership looking for Gage Horn, since he was the manager I worked with on Saturday. A saleswoman informed me that he was in his office. However, he got up and left within five minutes of my arrival and went to lunch. I found this behavior disrespectful and dismissive of my time. I was then told to have a seat at the round table near the exit. When we had previously spoken, I was told we would finish the application on Monday. In a professional business setting, I expect to be treated with respect, not dismissed or spoken to dismissively, especially after preparing the documents necessary for the company to make an informed decision. The dealership chose to omit that both the dealership manager and the bank manager had the ability to override the application by using a manager's approval and my submitted documents. Instead, they continued to insist on a credit application, which I declined due to my convictions.

9.  I provided my Social Security number to Gage Horn on Saturday, and I gave permission for the managers to contact my employer, Houston Independent School District, to verify my employment.

10. I made it clear that I intended to make a down payment of $500 and requested the transaction proceed consistent with my beliefs. My request was denied, and I was repeatedly pressured to unfreeze my credit, which I declined.

11. The individuals directly involved in this matter were:

- Zach Caulk, Manager at Chevyland

- Gage Horn, Manager at Chevyland

- Jaylin Williams, representative of Santander

- Melissa O'Brien, representative of Ally Financial

12. Based on my experience, I believe I was subjected to:

- **Religious discrimination**

- **Violation of privacy rights**

- **Redlining**

- **Fraud** defined as intentional deception for corporate gain resulting in harm

- **Misrepresentation or withholding of my application**

- **Unequal and disrespectful treatment compared to other customers**

A. I understand that an affidavit unrebutted after three (3) days stands as truth.

B. I make this affidavit truthfully and to the best of my knowledge, and hereby request a formal investigation into these practices and the conduct of the individuals and entities involved.

C. I claim damages in the amounts of:

- Gift of requested 2022 Corvette/Chevrolet Corvette 2 Door Stingray Couple 2/LT

   VIN 1G1YB2D40N5104903, $50,000 from Chevyland Corporation

- $30,000 from Santander Consumer USA Holdings Inc.

- $30,000 from Ally Financial Inc.

**Signature:** _Nkozi Kuuriraya_
Nkozi Kuuriraya

**Date:** _6/25/2025_

1906 N Market St
832-893-9413 Shreveport, LA
71107

---

**NOTARY ACKNOWLEDGMENT**

State of Louisiana
Parish of Caddo

On this _25_ day of _June_ , 20_25_, before me, the undersigned notary public, personally appeared **Nkozi Kuuriraya**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_William L. F_

WILLIAM LANCE FOUTS
Notary Public
Notary ID No. 138509
Caddo Parish, Louisiana
My Commission is for life.

Notary Public

My commission expires: _____ Life _____